UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

Plaintiff,

v.

TONY PEEBLES,

Defendant.

**DECISION AND ORDER**
09-CR-331-A

Before this Court are three *pro se* post-conviction motions filed by Defendant Tony Peebles. Peebles' first two motions seek his compassionate release. His first motion is styled as a "Motion for Compassionate Release/Reduction in Sentence Pursuant To 18 U.S.C. § 3582(a)(1)(A)[1] and The First Step Act of 2018," *see*, Dkt. 2395, while his second motion is a "Supplemental Motion" requesting a reduction of sentence pursuant to "18 U.S.C. § 3582(c)(1)(A)(i), Amendment 814 and Amendment 829 (Youthful Offender)." Dkt. 2486. Peebles' third motion seeks "to dismiss Count 27 (18 U.S.C. § 924(c)) for failure to state a crime." Dkt. 2521.

For the reasons which follow, this Court finds that Peebles' motions lack merit and therefore are **DENIED**.

[1] Since § 3582(a)(1)(A) does not exist, the Court will treat Peebles' motion as one filed under § 3582(c)(1)(A).

## I. BACKGROUND

On February 2, 2012, Peebles was charged in 29 counts (Counts 1, 2, 5-7, 21-35, 52-54, 57-59, 62, 63, and 66) of the 74-count Fourth Superseding Indictment (Dkt. No. 408), with RICO conspiracy (Count 1), RICO (Count 2), assault with a dangerous weapon in aid of racketeering (Counts 5, 25, 28, 30, 31, 53, and 58), attempted murder in aid of racketeering (Counts 6, 21, 24, 33, 52, and 57), possession and discharge of a firearm in furtherance of a crime of violence (Counts 7, 23, 27, 29, 32, 35, 54, and 59), attempted assault with a dangerous weapon in aid of racketeering (Counts 22 and 34), assault in aid of racketeering (Count 26), narcotics conspiracy (Count 62), possession of firearms in furtherance of a drug crime (Count 63), and possession of cocaine base with intent to distribute (Count 66). The offenses with which he was charged related to drug-dealing activities and shootings committed by Peebles and other individuals as members of Buffalo's 10th Street Gang. *Id*.

On March 27, 2014, the day before jury selection in his trial was scheduled to commence, Peebles appearing *pro se*, with the assistance of standby counsel and pursuant to a written plea agreement with the Government, *see*, Dkt. 1310, pleaded guilty: to Count 1, which charged Peebles with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d), and to Count 27, which charged Peebles with discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count 27 expressly incorporated by reference and alleged as predicate offenses, three VICAR offenses, *i.e.*, Counts 24, 25, and 26, which, in turn, were each predicated upon different violations of New York State Penal Law. Specifically, Count 24 charged

Peebles with attempted murder of M.S. in aid of racketeering (in violation of New York State Penal Law Sections 125.25(1), 110, and 20), all in violation of 18 U.S.C. §§ 1959(a)(5) and 2. Count 25 charged Peebles with assault with a dangerous weapon in aid of racketeering (in violation of New York State Penal Law Sections 120.05(2) and 20), all in violation of 18 U.S.C. §§ 1959(a)(3) and 2. Count 26 charged Peebles with assault in aid of racketeering (in violation of New York State Penal Law Sections 120.10(1) and 20), all in violation of 18 U.S.C. §§ 1959(a)(3) and 2. *Id*.

In pleading guilty to Count 27, Peebles acknowledged that he understood the elements of the offense, including his commission of a crime of violence for which he could be prosecuted in a Court of the United States, Dkt. 1310, p.3, and in the factual basis of his plea agreement, Peebles explicitly agreed to committing and participating in eight shootings, targeting at least nine victims and causing serious injuries—some of which were life threatening. The shootings Peebles admitted committing in his plea agreement included the August 12, 2009, shooting of M.S. that resulted in life-threatening bodily injury, which conduct provided the basis for the predicate crimes of violence, *see* Counts 24 through 26, underlying Peebles' conviction for Count 27. *See Id*. at ¶ 5(i); *see also* Dkt. 2109, pp. 12-22.

As part of his agreement, Peebles acknowledged that at sentencing he faced an "aggregate sentencing range…of imprisonment of 382 months to 447 months (120 months on Count 27 to run consecutive to 262 to 327 months on Count 1)." Dkt. 1310,

¶ 21.[2] The plea agreement further contained an appeal waiver wherein, Peebles agreed knowingly to waive the right to appeal or collaterally attack any component of a sentence imposed by the Court "which falls within or is less than the sentencing range for imprisonment [i.e., 382 months to 447 months] set forth in Section III, ¶21, above, notwithstanding the manner in which the Court determines the sentence." *Id.*, ¶ 29. As explained by the AUSA explained, upon prompting by the Court during the plea colloquy in this case, if Peebles had been convicted on all counts with which he was charged at trial, he would have faced an aggregate sentencing range of imprisonment of "200 years mandatory minimum plus 480 . . . months to life." Dkt. 2109, p. 36.

On December 13, 2016, Peebles was, following the filing of a government motion to reduce his sentence pursuant to Guideline § 5K1.1, *see*, Dkt. 2083, sentenced to a total term of 295 months of imprisonment (235 months on Count 1 and 60 months on Count 27 to be served consecutively to Count 1). Dkt. 2082. Peebles did not appeal his conviction or sentence. According to the BOP website, Peebles' scheduled release date is January 17, 2031.

**A. <u>Defendant's Prior § 2255 Motion</u>** (Dkt. 2105, 2194)

On May 19, 2017, Peebles filed a motion to vacate under 28 U.S.C. § 2255, Dkt. 2105, which he subsequently successfully amended and corrected. Dkt. 2194.

[2] The plea agreement also contained a cooperation section which provided that if the Court were to grant a Government motion filed pursuant to Guideline Section 5K1.1, Peebles' aggregate sentencing range of imprisonment would be reduced to 292 to 365 months. Dkt. 1310, ¶ 32.

*See*, Dkt. 2307. In it, Peebles raised a variety of arguments in support of his primary claim that he received ineffective of counsel; he also argued that his § 924(c) conviction under Count 27 should be vacated based upon the Supreme Court decision in *Dean v. United States*, 581 U.S. 62, 71 (2017), which held that a sentencing court may "consider a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."

On January 31, 2022, this Court issued a written decision which denied Peebles' § 2255 motion and rejected all the claims he raised therein. Dkt. 2387. In doing so, the Court declined to issue certificate of appealability because the Peebles did not make a substantial showing of the denial of a constitutional right, and certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from its decision would not be taken in good faith. *Id*. at 26-27.

**B.** **Defendant's Pending Motions For Compassionate Release** (Dkt. 2395, 2486)

After his § 2255 motion was denied, Peebles, on July 27, 2022, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Dkt. 2395. In it, Peebles sets forth a variety of arguments by which he seeks to have his sentence reduced. Primarily, Peebles argues that his sentence should be reduced because he has a heart murmur, because of dangers associated with the COVID-19 virus, and because he received a long sentence. *Id*., pp. 3-19, 21-32. Peebles also argues that his sentence should be reduced based of the Supreme Court decision in *United States v. Davis*, 588 U.S. 445 (2019), since his "§ 924(c) conviction can no longer be predicated

on the RICO charge because it is no longer a crime of violence." Dkt. 2395, pp. 19-21, 32-33.

On December 1, 2022, the Government responded in opposition to Peebles' motion for compassionate release. Dkt. 2402 at 13-14. On January 3, 2023, Peebles filed a reply, in which he once again argued, among other things, that his § 924(c) conviction should be vacated based upon his assertion that the predicate crime for such conviction was—impermissibly—RICO Conspiracy. *See*, Dkt. 2406, p. 12.

Almost a year later, on December 18, 2024, Peebles filed a motion seeking further to supplement his compassionate release motion, in which he repeated his prior arguments that his sentence should be reduced because it was "unusually long" and because he was young when he committed his crimes. Dkt. 2486.

**C. Defendant's Pending Motion to Dismiss** (Dkt. 2521)

On August 6, 2025, Peebles filed a "motion to dismiss," *see,* Dkt. 2521, claiming, as he had at least in part in his compassionate release motions, that his conviction and sentence on the § 924(c) count (Count 27) should be vacated because it was predicated upon a RICO Conspiracy. Specifically, Peebles claims such § 924(c) conviction "is predicated solely on his participation in the RICO conspiracy." *Id.*, p. 5. In Peebles' view, his conviction and sentence under that Count should be vacated because the Supreme Court, in *Davis*, 588 U.S. 445, determined that § 924(c)(3)(B)'s "'residual clause' is void for vagueness, and [] RICO conspiracy does not categorically qualify as a 'crime of violence' under the elements clause" of the statute. *Id*., pp. 5-6.

The Government filed a response to the motion to dismiss, *see*, Dkt. 2526, and Peebles replied. Dkt. 2534.

## II. DISCUSSION

Because Peebles is proceeding *pro se*, the Court will construe his motions liberally, interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (citation omitted); *Donaldson v. United States*, No. 09-CR-321A, 2018 WL 703102, at *2 (W.D.N.Y. Feb. 5, 2018). But, as the moving party, Peebles still bears the burden of demonstrating his entitlement to the relief he seeks. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (citations omitted)); *accord United States v. Earlsey*, 568 F. Supp. 3d 298, 301 (W.D.N.Y. 2021).

### A. Defendant's Motions for Compassionate Release

#### 1. The Law

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows the Court to modify a sentence upon a motion of either: (i) the Director of the Bureau of Prisons [BOP], or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.” 18 U.S.C. § 3582(c)(1)(A).

Once exhaustion is established, courts have discretion under the First Step Act to grant compassionate release when (1) there are “extraordinary and compelling reasons” that warrant a sentence reduction, (2) the sentence reduction is “consistent with applicable policy statements issued by the Sentencing Commission,” and (3) the sentence reduction “is supported by the factors set forth in 18 U.S.C. § 3553(a).” *United States v. Canales*, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). “If any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements. *United States v. Hunter*, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing *United States v. Keitt*, 21 F.4th 67, 72-73 (2d Cir. 2021) (*per curiam*)). Peebles bears the burden of proving that he is entitled to compassionate release. *See United States v. Earlsey*, 568 F. Supp. 3d at 301.

District Courts can consider “the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.” *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see id*. at 236 (finding that “[b]ecause Guideline § 1B1.13 is not ‘applicable’ to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts’ discretion to consider whether any reasons are extraordinary and compelling”). “The

only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... alone shall not be considered an extraordinary and compelling reason.'" *Id*. at 237-38 (emphasis and alteration in original) (quoting 28 U.S.C. § 994(t)).

If a defendant establishes both exhaustion and the existence of extraordinary and compelling circumstances, then the Court must also "consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." *United States v. Davies*, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted). ("Even if extraordinary and compelling reasons exist, they must outweigh the [Section] 3553(a) [F]actors to warrant sentence reduction." (citing 18 U.S.C. § 3582(c)(1)(A))).

Court's analyzing a compassionate release request need not consider the factors in any particular order. As the Second Circuit has recognized: "A motion under § 3582(c)(1)(A) must demonstrate both extraordinary and compelling reasons justifying release and that a sentence reduction is consistent with the sentencing factors set forth in § 3553(a), so a district court may deny a motion based solely on the latter without reaching the former." *United States v. McLean*, No. 22-1176(CON), 2023 WL 8253680, at *1 (2d Cir. Nov. 29, 2023), *cert. denied*, 144 S. Ct. 1376 (2024).

**2. Analysis**

For purposes of its decision, this Court will presume that Peebles has carried his burden of establishing his exhaustion of administrative remedies as Peebles included, as part of his original compassionate release motion, an email requesting compassionate release, *see*, Dkt. 2395, p. 38, which he sent to the warden of the facility at which he was housed more than 30-days prior to his filing of such motion. *See United States v. Loyd*, No. 16-CR-13-A, 2025 WL 1111564, at *2 (W.D.N.Y. Apr. 15, 2025) (considering the merits of the defendant's compassionate release motion where defendant "include[d] a copy of an email request to the warden at the BOP facility where [he was] housed" and "had ... not received a response from the [w]arden regarding his request" more than thirty days later).

In seeking to establish "extraordinary and compelling reasons," Peebles' initial motion for compassionate release was focused almost exclusively on arguments pertaining to the COVID-19 outbreak and focused specifically on the impact that such outbreak has had on him based upon his health condition and the fact that the outbreak made his incarceration more punitive than anticipated. Dkt. 2395, pp. 3-32. At the outset, the Court notes that while in Bureau of Prisons custody, Peebles has received two (2) doses of the Pfizer vaccine, refused a third Pfizer booster vaccine shot, and recovered from COVID-19. *See*, Dkt. 2402, P. 10. In view of the foregoing, and for reasons this Court has previously expressed, Peebles' arguments regarding COVID-19 and its impact on his own health fail at this time to constitute extraordinary

and compelling reasons. *Loyd*, 2025 WL 1111564, at *4.[3] Additionally, Peebles has failed to establish that any of the additional hardships he may have suffered as a result of being incarcerated during COVID-19 set him apart from the rest of the BOP inmate population such that they may be considered extraordinary and compelling. *See*, *United States v. Baker*, No. 97-CR-0877 (JS), 2025 WL 2733358, at *7 (E.D.N.Y. Sept. 25, 2025)(citing cases). In short, the Court rejects Peebles' argument that the COVID-19 outbreak created "extraordinary and compelling" reasons sufficient to entitle him to a reduction of his sentence.

In his supplemental compassionate release motion, Peebles also cites Sentencing Guidelines Amendment 814 (Unusually Long Sentence) and Amendment 829 (Youthful Offender) as providing a basis for this Court to find extraordinary and compelling circumstances that justify early release. Dkt. 2486.

With regard to his claim that his sentence is "unusually long," the Court notes that Amendment 814 states: "If a defendant received an unusually long sentence and

[3] As this Court stated in *Loyd*, 2025 WL 1111564, at *4:

> "As an initial matter, COVID-19 is no longer considered a federal ongoing public health emergency." *United States v. Jimenez Cruz*, 19-CR-326 (KMW), 2024 WL 3936031, at *2 (S.D.N.Y. Aug. 26, 2024), citing COVID-19 Public Health Emergency, U.S. Dep't Health & Human Servs. (last reviewed Dec. 15, 2023), https://www.hhs.gov/coronavirus/covid-19-public-health-emergency/index.html ("The federal Public Health Emergency for COVID-19 expired on May 11, 2023."). Indeed, "the ubiquitous availability of the COVID-19 vaccination and treatment options for those who do become infected, has eliminated COVID-19 as a basis for granting compassionate release; even for those persons whom the CDC has in the past said were at risk of suffering a severe outcome if they were to become infected—a category into which [Defendant] might arguably fall." *United States v. Douglas*, 04-CR-1065 (CM), 2024 WL 3293765, at *2 (S.D.N.Y. July 2, 2024).

has served at least 10 years of the term of imprisonment, a change in the law ... may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. Amend. 814 (eff. Nov. 1, 2023); U.S.S.G. § 1B1.13(b)(6). Peebles' motion asserts that he is serving an unusually long sentence, but fails to identify a change in law, as the Guideline requires. *See United States v. Romero*, No. 22-CR-3213, 2025 WL 1732987, at *2 (2d Cir. Jun. 23, 2025) (rejecting similar claim for relief pursuant to § 1B1.13(b)(6), as amended by Amendment 814). Instead, Peebles asserts that based upon subsequent amendments to the crack guidelines, his offense level for his RICO Conspiracy conviction under Count 1, would have been reduced by two levels. Dkt. 2486, p. 2. However, even if the reduction in the crack guidelines would have reduced Peebles' base offense level for the crack conspiracy charged as a racketeering act under Count 1, his total offense level under Count 1 would remain unchanged, since such offense level was driven predominately by the eight attempted murders for which Peebles was also charged and convicted as racketeering acts under that Count. Dkt. 2085, ¶¶39-96. Stated simply, the subsequent change in the crack Guidelines relied upon by Peebles does not have the effect of lowering his applicable Guideline range calculated by the Court under Count 1. *Id*. "It would therefore be inconsistent with U.S.S.G. § 1B1.10(a) to permit reduction of [Defendant]'s sentence on the basis of the amendments to the crack cocaine guidelines." *United States v. Martinez*, 572 F.3d 82, 86 (2d Cir. 2009).

Regarding Peebles' reliance on Amendment 829, the Court finds that such Amendment does not amount to an extraordinary and compelling reason to reduce his sentence. *See United States v. Price*, No. 05-CR-492, 2025 WL 2085357, at *4 (E.D.N.Y. July 24, 2025) (declining to consider Amendment 829 in adjudicating defendant's motion because "Amendment 829 is not retroactive" and finding that the court "may not consider it for purposes of determining whether an extraordinary and compelling reason exists").

Finally, Peebles' first compassionate release motion also cites as an extraordinary and compelling reason, his assertion that his "§ 924(c) conviction can no longer be predicated on the RICO charge because it is no longer a crime of violence." Dkt. 2395, pp. 19-21, 32-33. The claim fails for several reasons. First, as explained in further detail below, Peebles is simply wrong in his argument that his conviction for discharging a firearm in furtherance of a crime of violence under Count 27 was predicated upon the crime of RICO Conspiracy. Rather, the predicate crimes underlying the Peebles' discharge of a firearm conviction under Count 27 were all substantive crimes of violence.

Specifically, Count 27 expressly listed as the predicate § 924(c) offenses thereunder, the crimes charged in Counts 24 through 26 of the Fourth Superseding Indictment. Count 24 charged Peebles with attempted murder of M.S. in aid of racketeering (in violation of New York State Penal Law Sections 125.25(1), 110, and 20), all in violation of 18 U.S.C. §§ 1959(a)(5) and 2. Count 25 charged Peebles with assault with a dangerous weapon in aid of racketeering (in violation of New York State

Penal Law Sections 120.05(2) and 20), all in violation of 18 U.S.C. §§ 1959(a)(3) and 2. Count 26 charged Peebles with assault in aid of racketeering (in violation of New York State Penal Law Sections 120.10(1) and 20), all in violation of 18 U.S.C. §§ 1959(a)(3) and 2. Contrary to Peebles' argument, however, the Second Circuit has expressly held that each of the foregoing crimes listed as predicate offenses under Count 27 may properly serve as predicate crimes of violence for purposes of § 924(c). See, *United States v. Pastore*, 83 F.4th 113, 121–22 (2d Cir. 2023) ("Because [Defendant]'s conviction for attempted murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) is premised on the predicate crime of attempted murder under New York law, which constitutes a crime of violence as defined in the elements clause of section 924(c), we conclude that [Defendant]'s conviction for attempted murder in aid of racketeering under section 1959(a)(5) is necessarily a crime of violence."), aff'd sub nom. *Delligatti v. United States*, 604 U.S. 423, 145 S. Ct. 797, 221 L. Ed. 2d 303 (2025); *United States v. Morris*, 61 F.4th 311, 319-320 (2d Cir. 2023)(VICAR Assault premised on a violation of either N.Y. Penal Law § 120.05(2) or N.Y. Penal Law § 120.10(1) is a "crime of violence" under § 924(c)'s elements clause."). Accordingly, since Peebles' arguments in this regard are incorrect, they are neither extraordinary nor compelling.

Aside from lacking merit, Peebles' argument in this regard is improperly raised in his motion for compassionate release. As the Second Circuit has stated:

> If Congress had intended to permit defendants to circumvent the strictures of 28 U.S.C. § 2255 by making challenges to the validity of a conviction cognizable on a compassionate-release motion, it would

> surely have said so. Absent such a clear declaration of intent, we conclude that since challenges to the validity of a conviction must be made under section 2255, they cannot qualify as "extraordinary and compelling reasons" under section 3582(c)(1)(A). Compassionate release is not a channel to habeas relief or an end run around the limitations of section 2255.

*United States v. Fernandez*, 104 F.4th 420, 430 (2d Cir. 2024). At least with regard to his arguments attacking the validity of his conviction and sentence under Count 27, Peebles' contentions do not qualify as "extraordinary and compelling reasons" under the compassionate release statute. *Id*. Recognizing Peebles' *pro se* status and concluding that his arguments challenging his conviction under Count 27 do not provide any support for his compassionate release motions, this Court will nevertheless consider such claim in the other context in which he raises it—in his motion to dismiss. *See*, Dkt. 2521.

Before doing that, however, the Court observes that even if it determined—which it does not—that there exists some factor or combination of factors in Peebles' motions that amount to extraordinary and compelling reasons it would nevertheless decline to reduce Peebles' sentence, since the applicable 18 U.S.C. § 3553(a) sentencing factors compel the conclusion that Peebles is not entitled to compassionate release. *See*, *Keitt*, 21 F.4th at 73 ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Peebles, acting with other members of his gang, was convicted of participating in at least eight different shootings involving nine (9) different victims. Dkt. 2085, ¶¶24-33. It is difficult to envision more serious or dangerous conduct. The level of violence that Peebles and his fellow gang members inflicted on the community cannot be overstated. His wanton and brazen acts of violence put many citizens, beyond just rival gang members, in danger. Peebles' repeated and persistent willingness to shoot and attempt to kill other individuals demonstrate his proclivity for violence. His gang activities spanned nearly a decade, and his personal participation in numerous shootings, which did not begin until he had reached the age of 21, spanned a period of years. Moreover, this Court finds that the Government was extremely generous in permitting Peebles to enter into the plea agreement he entered in this case. As noted, but/for such plea offer, Peebles, if convicted of all the charges set forth in the relevant indictment, was facing combined mandatory minimum terms of imprisonment of well-over 200 years at sentencing. Dkt. 2109, p. 36. Having received the benefit of that plea bargain—along with the benefit of the § 5K1.1 reduction in sentence earned by the Defendant, requested by the Government, and granted by this Court—this Court determines that any further sentencing reduction is unwarranted. In the Court's view, Peebles presents a danger to society. A lesser sentence would not sufficiently protect the public, nor account for the seriousness of his offense and would undermine respect for the law. Hence, even if Peebles were able to show extraordinary and compelling circumstances warranting a reduced sentence, which he has not, consideration of the relevant Section 3553(a) factors would override those circumstances and warrant the denial of Peebles' requested sentence reduction.

**B. Defendant's Motion to Dismiss**

After filing his compassionate release motion, Peebles, on August 6, 2025, filed a motion seeking dismissal of his § 924(c) conviction under Count 27 on the ground that it was improperly predicated on the crime of Racketeering Conspiracy. Dkt. 2521. As already discussed, Peebles' claim is factually incorrect, as such conviction was not predicated on the crime of racketeering conspiracy. Instead, the predicate "crimes of violence" for such offense were three different substantive crimes—that is, Count 24, which charged Peebles with attempted murder of M.S. in aid of racketeering; Count 25, which charged Peebles with assault with a dangerous weapon in aid of racketeering; and Count 26, which charged Peebles with assault in aid of racketeering. While Peebles does not identify the procedural mechanism through which he claims he is entitled to dismissal, since Peebles' motion to dismiss seeks to attack the same judgment of conviction as his prior § 2255 motion, this Court determines that it represents a "second or successive" petition under § 2255. *See, e.g., Martinez v. United States*, 2019 WL 1569813, at *3 (S.D.N.Y. Apr. 11, 2019); *but see Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) (concluding second § 2255 motion did not qualify as "second or successive" where it raised legal claims not previously available).

Where, as here, an individual has not received permission to file a "second or successive" § 2255 motion from the court of appeals, this Court is ordinarily supposed to transfer the motion to the Second Circuit in the interest of justice to give the movant a chance to obtain such authorization. § 2244(b)(3); *see also* 28 U.S.C. § 1631.

"However, transfer is unnecessary where the second or successive habeas corpus application is wholly without merit." *Minaya v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014).

Here, this Court determines that Peebles' § 2255 motion can be denied without a transfer because it is entirely without merit. *Diaz v. Artus*, No. 1:12-CV-0075(MAT), 2018 WL 3429276, at *4 (W.D.N.Y. July 16, 2018). First, Peebles, as part of his plea agreement with the government agreed to waive his right to appeal or collaterally attack his conviction and sentence so long as the Court imposed an aggregate sentence within (or less than) the sentencing range of 382 months to 447 months. Dkt. 1310, ¶21, 29; Dkt. 2109, pp. 29, 33. With Peebles being sentenced to an aggregate term of imprisonment of 295 months, the waiver provisions apply. "A waiver of the right to collaterally attack a conviction is presumptively enforceable." *Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023). Courts "will not enforce" a "plea agreement's collateral-attack waiver" in "only five circumstances": "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence; and (5) where the waiver was unsupported by consideration." *Id*. at 121-22 (citation modified). The Court finds that here the waiver is enforceable.

Yet, even were the Court to determine that the waiver is not enforceable, Peebles' second petition is untimely. Under § 2255(f), there is a one-year limitations

period that runs from the latest of (1) the date on which petitioner's judgment of conviction became final; (2) the date on which certain impediments were removed; (3) the date on which the right asserted was first recognized by the Supreme Court; or (4) the date on which facts supporting the habeas claim could have been discovered. The only possible argument to be made in support of Peebles' current motion is that § 2255(f)(3)—the "initial recognition clause"—applies because his § 2255 motion relies on the Supreme Court's "initial recognition" that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague. But as noted, that conclusion stems from *United States v. Davis*, which was decided on June 24, 2019. Even though *Davis* is a new rule of constitutional law that has since been recognized as being retroactive to cases on collateral review, *see Hall v. United States*, 58 F.4th 55, 60 (2d Cir. 2023), Peebles' motion, which purports to rely upon such case, was not filed until August of 2025, a date well outside of § 2255(f)(3)'s one-year limitations period.

Finally, even if it had not been waived and even if it had been timely filed, Peebles' motion to dismiss remains frivolous. As previously noted, *Davis* has no applicability to his § 924(c) conviction. Peebles is simply factually wrong in asserting that the predicate crime for his § 924(c) conviction was RICO conspiracy. Rather, the predicate crimes set forth under Count 27 were: attempted murder in aid of racketeering (as charged in Count 24); assault with a deadly weapon in aid of racketeering (as charged in Count 25), and assault in aid of racketeering (as charged in Count 26). Moreover, relying on the elements clause of §924(c), the Second Circuit has specifically held that each crime charged under each of those Counts may

properly serve as a predicate "crime of violence" under the statute. *See*, *Pastore*, 83 F.4th at 22; *Morris*, 61 F.4th at 319-320.

Because Peebles' "motion to dismiss" was waived as part of his plea, is untimely, and utterly without merit, this Court denies it.

## III. CONCLUSION

For these reasons, both Pebbles' Motions for Compassionate Release (Dkt. 2395 and 2486) as well as his Motion to Dismiss Count 27 (Dkt. 2521), are **DENIED.** Furthermore, and with respect to such motions, no certificate of appealability shall issue because Peebles has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962);

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated: January 21, 2026
Buffalo, New York